UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTI DOMRASE an individual,

      Plaintiff,

v.
                                             Case No. 1:26-        -CV
                                             Hon.:

BENTON HARBOR AREA SCHOOLS,
 a public body

      Defendant.

| | |
|---|---|
| William F. Piper (P38636)<br>William F. Piper, P.L.C.<br>***Attorney for Plaintiff***<br>9848 Portage Rd.<br>Portage, MI 49002<br>Phone: 269.321.5008<br>Fax: 269.321.5009<br>Email: wpiper@wpiperlaw.com | |

## **COMPLAINT**

The plaintiff, Kristi Domrase, by and through her attorney William F. Piper, PLC, for her complaint, states as follows:

### **JURISDICTIONAL ALLEGATIONS**

1.     The plaintiff Kristi Domrase is a woman who is a resident of the City of Watervliet, County of Berrien, State of Michigan, and she resided therein at all times relevant to this complaint.

2.     The defendant Benton Harbor Area Schools is a public body located in the County of Berrien, State of Michigan.

3.     This lawsuit arises out of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. and 42 U.S.C. § 1981a.

4.    This lawsuit arises out of Ms. Domrase's employment by the defendant and its termination of her employment by it effective in June 2024.

5.    The E.E.O.C. issued a Right to Sue letter to Ms. Domrase on February 9, 2026.

6.    Jurisdiction arises under 28 USC § 1331 and 28 USC § 1337.

**<u>COMMON ALLEGATIONS</u>**

7.    The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 6 of this complaint.

8.    The defendant hired the plaintiff, who had a teaching certificate in the State of Michigan, as a Grant Coordinator, in 2022.

9.    The plaintiff did a good job for the defendant.

10.    Ms. Domrase has severe diabetes that causes severe neuropathy in her feet that significantly affects her major life activities of standing and walking.

11.    On or about January 22, 2024, citing financial concerns, the defendant assigned Ms. Domrase to a classroom high school teaching position.

12.    The reason given by the defendant for transferring Ms. Domrase was a pretext, as Ms. Domrase's previous position was grant funded.

13.    After giving notification that she had a disability that caused her mobility limitations, Ms. Domrase requested an accommodation of a transfer to an office position.

14.    Ms. Domrase indicated to the defendant that she could perform the virtual high school teacher position at CAPE, an academic graduation advisor at CAPE, and an Edgenuity teacher at the high school, and she mentioned to it other positions listed in the defendant's website that she could perform within her disability limitations.

15. Ms. Domrase had learned from previous employment at a difficult school district that because of her disability limitations related to her diabetes that she could not manage an in-person classroom.

16. Ms. Domrase, as requested by the defendant, submitted to it medical proof of her disability and her need for an accommodation of an office job.

17. On January 30, 2024 the defendant's Human Resources Coordinator told Ms. Domrase that he will advocate for her requested accommodation at a meeting with the superintendent.

18. The Human Resource Coordinator and recruiter told Ms. Domrase that the district would not accommodate Ms. Domrase's request for a transfer as an accommodation, and he told her that she had to begin the teaching assignment immediately or be terminated.

19. Ms. Domrase reminded the defendant that she could not stand and walk in a classroom setting and requested a transfer to a seated office-like position.

20. Ms. Domrase provided a letter from the physician to the defendant in early February 2024 that indicated that because of her physical limitations Ms. Domrase could not work in a classroom setting.

21. The defendant did not offer Ms. Domrase any assistance in the classroom.

22. Ms. Domrase requested a meeting with the defendant to discuss alternative positions that she could work effectively in consistent with her limitations.

23. The defendant did not respond to Ms. Domrase's request for a meeting, nor did it have a meeting with Ms. Domrase to discuss alternate positions.

24. On February 22, 2024 the defendant stated that it was only offering Ms. Domrase a classroom teaching position.

25. The defendant reiterated that if Ms. Domrase did not accept the position, it would terminate her employment by it, and it demanded an answer from her by February 24, 2024.

26.     In an e-mail on February 27, 2024, Ms. Domrase indicated that the defendant could transfer her to the three alternative positions set forth above or any other available position.

27.     The defendant asserted that the CAPE teaching position was a floating position in a resource room and that Ms. Domrase did not have the required certification for it

28.     The reasons the defendant gave not to accommodate Ms. Domrase into the CAPE teaching position were false and  pretextual, as the defendant filled the position with the niece of the superintendent who worked in it virtually from Georgia, and the plaintiff had the required certification for it.

29.     Instead of assigning Ms. Domrase to an Edgenuity position, it assigned a secretary who was less qualified to counsel and tutor students than was Ms. Domrase.

30.     The defendant did not terminate Ms. Domrase employment by it until June 2024, despite that it had come before the school board  as an agenda item each month starting in February 2024.

31.     As a result of the defendant's refusal to accommodate Ms. Domrase and its related termination of her employment she has suffered and will continue to suffer a loss of income and benefits, emotional distress, humiliation, a compelled move, a job search, a loss of  enjoyment of life and other damages.

### COUNT I – DISABILITY DISCRIMINATION - FAILURE TO ACCOMMODATE.

32.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 31 of this complaint.

33.     By refusing to grant Ms. Domrase an accommodation of leaving her in a position of transferring her to an appropriate position within her limitations, the defendant violated its duty under the ADA to accommodate her disability.

34.     By refusing to hold a meeting with her to discuss appropriate accommodations for her disability the defendant did not appropriately engage in the interactive process and, therefore, violated its duty with the ADA to do so.

35.     The accommodation requested by Ms. Domrase would not have been  an undue hardship on the defendant.

36.     As a result of the violations of the law set forth above Ms. Domrase has suffered and will continue to suffer the damages set forth above.

37.     These claims are actionable under the Americans with Disability Act, 42 U.S.C. 12101 et seq. and 42 U.S.C. § 1981a.

**WHEREFORE**, the plaintiff  Kristi Domrase requests a judgment against the defendant that would include compensation for all of her damages past and future, interest, costs, attorney's fees and any other relief this court deems fair and just.

Dated: May 6, 2026                                  WILLIAM F. PIPER, PLC.
                                                                Attorney for Plaintiff

                                        By:     _/s/ William F. Piper_____
                                                    William F. Piper (P38636)
                                        BUSINESS ADDRESS:
                                                    9848 Portage Rd.
                                                    Portage, Michigan 49002
                                                    Phone: 269.321.5008
                                                    Fax: 269.321.5009